UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Cherie H. Howard<br>840 Winona Drive<br>Youngstown, OH 44511 | ) <br>) <br>) <br>) | CASE NO. |
| Plaintiff, | ) <br>) | JUDGE |
| vs. | ) <br>) <br>) | |
| Asset Acceptance Capital Corp.,<br>d/b/a Asset Acceptance, LLC<br>28405 Van Dyke Avenue<br>Warren, MI 48090 | ) <br>) <br>) <br>) <br>) | **NOTICE OF REMOVAL** |
| Defendant. | ) | |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1441 and 1446, Defendant, Asset Acceptance Capital Corp., d/b/a Asset Acceptance, LLC (Asset), by and through the undersigned counsel, hereby provides notice that it removes this action from the Youngstown Municipal Court to the United States District Court for the Northern District of Ohio, Eastern Division (Youngstown). In support thereof, Asset respectfully states as follows:

1.  The removed case is a civil action filed on June 16, 2009, in the Youngstown Municipal Court, styled *Cherie H. Howard v. Asset Acceptance Capital Corp., d/b/a Asset Acceptance, LLC*, Case No. 09CVF2190Y.

1

2. Asset is the sole Defendant and service was perfected on or about June 20, 2009 via certified mail.

3. Plaintiff's complaint is based on claims related to both federal and state law. The claims derive from a common nucleus of operative facts. Plaintiff asserts federal claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692, et seq.

4. Plaintiff alleges state law violations under the Ohio Consumer Sales Practices Act, O.R.C. §1345, et seq. In *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986), the Court held that in order for a state law claim to satisfy 28 U.S.C. §1331, it must be clear from the face of the plaintiff's complaint that a federal law creating a cause of action is an essential element of the state law claim. Original jurisdiction on the basis of federal question jurisdiction exists because Plaintiff asserts claims under the FDCPA.

5. Removal is proper under 28 U.S.C. §1441. If the action had originally been brought in this Court, the Court would have had original jurisdiction per 28 U.S.C. §1331 and 15 U.S.C. §1692 over the FDCPA claims and supplemental jurisdiction per 28 U.S.C. §1367 over Plaintiff's state law claims.

6. Removal is timely under 28 U.S.C. §1446(b), because the Notice of Removal is filed within thirty (30) days of when it first became ascertainable that the case is removable. In addition, less than one (1) year has lapsed since this action was originally filed in state court.

7. Venue is proper in this Court under 28 U.S.C. §1441(a), because Mahoning County is served by the Northern District of Ohio, Eastern Division, Youngstown.

8. The written notice required by 28 U.S.C. §1446(d) is being filed with the Clerk of the Youngstown Municipal Court and served on Debra Weaver, Attorney for Plaintiff in this matter.

9. Copies of all process, pleadings, orders and other papers on file in the state court action are attached as Exhibit A. See 28 U.S.C. §1446(a).

2

WHEREFORE, Defendant Asset respectfully requests that the state court action now pending against it in Youngstown Municipal Court, Case No. 09CVF02190Y, proceed in this Court as a matter properly removed.

Respectfully Submitted,

s/ Eric T. Kohut
Eric T. Kohut, Esq. (0074947)
Kimberly A. Klemenok, Esq. (0069046)
Staff Attorneys for Asset Acceptance, LLC
P.O. Box 318037
Cleveland, Ohio 44131
Tel. (216) 485-8416
Fax (216) 485-8401
ekohut@assetacceptance.com
kklemenok@assetacceptance.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2009, a copy of foregoing Notice of Removal was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

s/ Eric T. Kohut
Eric T. Kohut, Esq. (0074947)
Kimberly A. Klemenok, Esq. (0069046)
Staff Attorneys for Asset Acceptance, LLC